**STATE of Missouri, Respondent,**

v.

**Oscar Lee HUGHES, Appellant.**

No. 38454.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 10, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

————

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for respondent.

John J. Allan, St. Louis, for appellant.

CLEMENS, Presiding Judge.

By indictment the state charged defendant Oscar Hughes with felonious assault. The victim was Rodney Crenshaw, the two-year-old son of defendant's paramour, Rose Crenshaw. After verdict the trial court sentenced defendant to seven years' imprisonment and he has appealed, raising two issues.

Defendant first contends he was improperly tried for felonious assault instead of child mistreatment, a graded felony. Fur-

ther, defendant contends the trial court erroneously refused to admit the grand jury testimony of an unavailable medical witness. These in turn after summarizing the evidence.

Defendant was home alone with Rodney in their second-floor apartment. He said he heard a bumping noise and found Rodney lying unconscious at the foot of the stairway. At Children's Hospital medical examination showed Rodney was in shock and suffering from recent thermal burns on his face, ears and abdomen, puncture wounds on his back and multiple bruises. Prompt abdominal surgery revealed internal hemorrhaging and a lacerated pancreas, part of which was removed. Dr. Jessie Ternberg, Rodney's pediatric surgeon, testified his injuries could not have been sustained by falling down steps, as contended by defendant.

■ Defendant does not challenge the sufficiency of the evidence, but contends it only supported conviction under the child-mistreatment statute, § 559.340, VAMS, and that statute was exclusive of the felonious assault statute, § 559.180, VAMS. We disagree.

In *State v. Koen*, 468 S.W.2d 625 (Mo. 1971), defendants were charged with felonious assault. The victim was a police officer and defendants contended it was error to convict them of felonious assault instead of the statutory offense of striking a police officer. The supreme court held: "It is often true that a single act will constitute an offense under two different statutes. In that situation it is generally held that the State may elect to prosecute for either offense. [Citations omitted.] We rule that the facts shown in this case would have supported a conviction for either assault or striking a police officer, and that the State could elect to prosecute either offense."

We hold the evidence here supported the felonious assault submission. The evidence may have also supported submission under the child-mistreatment statute. Defendant may not complain that the state elected to prosecute him under the statute carrying the more severe penalty and his first point is denied.

By his second point defendant challenges the trial court's ruling denying his offer to read part of Dr. James Keating's grand jury testimony. According to defendant's proffer, Dr. Keating had then testified that information obtained from other doctors caused him to believe that "some, but not all of Rodney's wounds could have been received in the fall." This would have partly impeached Dr. Ternberg's opinion. The parties stipulated that by trial time defendant had not subpoenaed Dr. Keating, who was then out of town. In the parties' briefs they discuss such issues as whether the grand jury action was a judicial proceeding, whether Dr. Keating's testimony was hearsay, the absence of cross examination and defendant's failure to timely subpoena Dr. Keating.

■ We need not resolve these issues because defendant failed at trial to have the grand jury transcript marked as an exhibit and offered in evidence, nor has defendant included it in the appellate transcript. Colloquy at trial indicated the grand jury transcript was in the hands of counsel but the record is silent as to whether it was shown to the trial court. Not having been marked as an exhibit, offered in evidence, nor preserved here, we cannot convict the trial court of error in declining to allow defendant to read from Dr. Keating's reputed testimony.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.